WARREN LATHROP, Plaintiff-Appellee, v. GERALD L. TYRRELL, Defendant-Appellant.

Third District   No. 3—84—0313

Opinion filed November 30, 1984.

Bernard C. Gillman, of Rock Island, for appellant.

James E. Whitmire, Jr., of McGehee, Boling, Whitmire & Olson, Ltd., of Silvis, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant-appellant, Gerald Tyrrell, appeals from the trial court's judgment awarding plaintiff-appellee, Warren Lathrop, $7,000 plus costs. Upon payment of the judgment and costs, Lathrop was ordered to return the purchased items to Tyrrell. For the following reasons, we affirm this decision.

The facts of this case may be briefly summarized as follows. Lathrop purchased a complete satellite receiving system from Tyrrell for $7,000. During the 11-month period following this sale and installation the system did not properly function for various reasons. After repeated attempts by Tyrrell to cure the defects in the system, Lathrop finally sent Tyrrell a letter revoking acceptance of the system and filed suit.

On appeal, we are asked to determine whether the trial court's decision is against the manifest weight of the evidence. Tyrrell contends there was no breach of any warranty given, and the alleged nonconformity of the satellite receiving system did not substantially impair its value. Lathrop urges violation of an express warranty and of the implied warranties of merchantability and fitness for a particular purpose. While we believe there is evidence supporting the claim of violation of each of the warranties, we will only discuss the latter.

■ Section 2—315 of the Illinois Commercial Code states:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." (Ill. Rev. Stat. 1981, ch. 26, par. 2—315.)

Breach of an implied warranty of fitness for a particular purpose gives rise to a right to revoke acceptance under the provisions of section 2—608 of the Code. (Ill. Rev. Stat. 1981, ch. 26, par. 2—608.) In order for the right to revoke acceptance to arise, defects must exist as "substantially impair the value" of the item purchased. (*Stamm v. Wilder Travel Trailers* (1976), 44 Ill. App. 3d 530, 358 N.E.2d 382.) Once a person's faith is shaken in a major investment, the item not only loses its real value in the buyer's eyes, but also becomes an ar-

ticle whose integrity has been substantially impaired and whose operation is fraught with apprehension. *Overland Bond & Investment Corp. v. Howard* (1972), 9 Ill. App. 3d 348, 292 N.E.2d 168.

In the present case, Tyrrell knew of the particular purpose for which the system was required by Lathrop. Knowing this, and knowing that Lathrop was relying on Tyrrell's skill and judgment in selecting a suitable satellite receiving system for him, an implied warranty arose as a matter of law. The evidence discloses that the system was operational for only 44 days during a 340-day period prior to Lathrop's revocation of his acceptance of the system. The defective condition of this system for such a sustained period of time discloses a breach of the implied warranty of fitness for a particular purpose. Furthermore, from the facts of this case, it is not against the manifest weight of the evidence to find that Lathrop's faith in the satellite receiving system was shaken and that its value to him was substantially impaired. Lathrop, therefore, properly revoked his acceptance of the system. For these reasons, the judgment of the circuit court of Rock Island is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.